

**SIGNED this 16 day of June, 2010.**

_____
**JOHN T. LANEY, III
CHIEF UNITED STATES BANKRUPTCY JUDGE**
_____


IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| In re: | | |
| GALLAGHER, APRIL LEANN, | ) | |
| | | Chapter 13 |
| Debtor. | ) | Case No. 08-41445 |
| | | |
| April Leann Gallagher, | ) | |
| Movant | | |
| | | |
| vs. | ) | Contested Matter |
| | | |
| Columbus Consolidated Government and | | |
| Johnny H. Floyd, Jr., Special Enforcement | | |
| Officer | ) | |

**Memorandum Opinion**

This contested matter is before the court on the debtor's motion for contempt against Columbus Consolidated Government and Johnny H. Floyd, Jr., Special

Enforcement Officer. On June 15, 2010, the court held a hearing on the debtor's motion for contempt. At the conclusion of the hearing, the court took the matter under advisement. After considering arguments of counsel and the pertinent statutory and case law, the court, for the reasons given below, holds that the issuance of a citation and summons to appear in court for alleged post petition violation of a city ordinance falls under the exceptions to the automatic stay pursuant to subsections 362(b)(1) and (b)(4) of the bankruptcy code.

## Facts

The debtor, April Gallagher, filed for protection under Chapter 13 of the bankruptcy code on December 30, 2008. The debtor's confirmed Chapter 13 Plan provided for the surrender of the real property located at 4274 Westfield Court, Columbus, Georgia to the mortgage holder Countrywide Home Loans. The debtor abandoned the real property in February 2009. The mortgagee, Countrywide Home Loans, filed for relief from stay on May 11, 2009. The relief from stay was granted, and the order was signed on June 09, 2009. To this date, Countrywide has not foreclosed on the property; thus, legal title remains in the debtor's name subject to Countrywide's deed to secure debt. After the filing of the debtor's petition, Columbus Consolidated Government's Department of Public Services issued a citation on April 28, 2010 pursuant to section 13-109 and 13-113 of the Columbus Consolidated Government city code for stagnant water of the property's in-ground pool and the excessive height of the property's weeds and grass. The citation instructed Ms. Gallagher that she could be summoned to court if the situation was not rectified within 10 days. As the debtor did not rectify the situation, she was issued a summons to appear in state court for a violation of Columbus

Consolidated Government code section 13-113 related to the height of the property's weeds.

## Conclusions of Law

The automatic stay does not stay the commencement or continuation of a criminal action or proceeding against a debtor in bankruptcy. 11 U.S.C. § 362(b)(1). Furthermore, § 362(b)(4) exempts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. 11 U.S.C. § 362(b)(4). Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such law, the action or proceeding is not stayed under the automatic stay. HR Rep No. 595, 95th Cong, 1st Sess 343 (1977); S Rep No. 989, 95th Cong, 2d Sess 52 (1978).

The proceeding at issue in this case is both criminal in nature and a commencement of proceedings by a governmental unit to enforce its regulatory powers. Thus, this citation and summons clearly falls within the exceptions to the stay pursuant to § 362(b)(1) and (b)(4). The property was surrendered to Countrywide pursuant to the confirmed Chapter 13 plan, and Countrywide has yet to foreclose on the property; thus, the debtor holds record title to the property. The debtor claims the defense that she is not the owner of the property, but Countrywide is. No evidence was presented to suggest that the debtor cannot raise this defense in recorders court. Accordingly, this court finds that Columbus Consolidated Government and Johnny H. Floyd, Jr. are not in willful contempt of court. The action in recorders court may proceed as an exception to the automatic stay pursuant to bankruptcy code subsections 362(b)(1) and 362(b)(4).